■ In the Matter of LEONARD VAN DEUSEN et al., Appellants, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. (And Another Related Proceeding.) — Appeals from an order of the County Court of Otsego County (Mogavero, Jr., J.), entered January 4, 1983, which denied motions for the remission or exoneration of bail. Robert Van Deusen (defendant) was indicted and charged with third degree burglary and attempted petit larceny by an Otsego County Grand Jury. He was released on a $10,000 bail bond issued by Ideal Mutual Insurance Company (Ideal) and filed May 20, 1981. Defendant's parents allege that they provided their home as security for that bond. In a separate matter, defendant was arraigned in Oneonta Town Court on a charge of fourth degree sale of marihuana. He was released on a $5,000 bail bond issued by Ideal in August of 1981. Defendant's grandmother allegedly provided security for that

bond. Defendant fled the jurisdiction in October of 1981. It appears from the papers that Town Court ordered the $5,000 bond forfeited, but that County Court simply ordered the $10,000 bond "cancelled". Defendant subsequently returned to the jurisdiction and both criminal actions have been terminated by guilty pleas. No attempts have been made by the People to recover on either of the bonds. Defendant's parents and grandmother, petitioners herein, alleging that they are cosureties on the bonds, moved separately in County Court to have bail remitted or exonerated. County Court denied their motions and these appeals ensued. County Court held that petitioners have no standing to seek remission or exoneration of bail. It is clear that a surety has standing to seek remission of bail (Judiciary Law, § 798). Petitioners denominate themselves as sureties in these proceedings. However, a surety is a person, other than a principal (defendant), who executes a bail bond on behalf of a principal and thereby assumes the undertaking described therein (CPL 500.10, subds 11, 12). On the other hand, a person who does not undertake the bail obligation but simply posts security to indemnify the surety in the event of a forfeiture is not a surety as defined in the Criminal Procedure Law. A review of the $10,000 bail bond[*] reveals that defendant's parents did not assume the bail obligation, but simply posted security to Ideal. Accordingly, they are not sureties. We have been unable to acquire a copy of the $5,000 bail bond, but petitioner's papers indicate that defendant's grandmother simply posted security to Ideal and did not assume its undertaking. Accordingly, she also was not a surety. The obligation to produce the defendant or forfeit bail runs from the obligor (defined to include a surety as well as the defendant [CPL 500.10, subds 1, 11, 12]) to the People (see *People v Public Serv. Mut. Ins. Co.,* 37 NY2d 606, 611). A person who is not a surety, but who stands merely as an indemnitor to whom a surety may turn in the event of a forfeiture, has no standing to seek remission of bail. Lastly, we note that while petitioners allege that they posted security for the bail bonds, they have offered no proof of this allegation. Orders affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

---

* Although neither of the bail bonds were made part of the record, County Court's decision indicates that it did review them.